IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RICKEY L. WRIGHT** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action Number |
| ) | **5:07-cv-2086-UWC** |
| **MICHAEL J. ASTRUE,** ) | |
| **COMMISSIONER OF SOCIAL** ) | |
| **SECURITY,** ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Plaintiff brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA").

The Court finds the Administrative Law Judge's ("ALJ") decision, which has become the decision of the Commissioner, is supported by substantial evidence. Therefore, for the reasons elaborated herein, the decision denying benefits is due to be affirmed..

I. Procedural History

Plaintiff filed an application for social security disability and supplemental

1

security income benefits on December 13, 2004. (R. 22.) This application was denied administratively at the initial and reconsideration stages. Plaintiff requested a hearing before an ALJ, which was held on August 9, 2006, in Huntsville, Alabama. (R. 22.)

On January 3, 2007, the ALJ denied the claim. (R. 28.)

When considering the Plaintiffs' request for review, the Appeals Council considered additional evidence offered by Dr. William E. Wilcox. (R. 7.) However, the Appeals Council refused to grant review on September 13, 2007. (R. 4.)

Having timely pursued and exhausted his administrative remedies, Plaintiff filed an action for judicial review in this Court pursuant to section 1631 of the Social Security Act, 42 U.S.C. § 1383(c)(3).

## II. Factual Background

At the time of the hearing, Plaintiff was a 47 year-old man who completed eleventh grade. (R. 136.) Plaintiff has past relevant work experience as a tractor truck driver, grounds keeper and knitting machine operator. (R. 28.)

Plaintiff has not engaged in substantial gainful activity during the relevant period. (R. 24.)

Plaintiff suffers from a osteoarthritis and hypertension.[1]   Plaintiff, was in a car accident that injured his back during his early twenties. The injuries required more than four months of recuperation. (R. 85.) Even though the Plaintiff was able to work after the accident, he indicates that his back pain has prevented him from working since 2000. (R. 70, 85, 97-99.) He also testified that he has not sought treatment for his back because he lacks financial resources.[2]  According to Plaintiff, when he sought care at a clinic he was turned away because they were not taking any new patients. (R. 142.)

After the administrative hearing, Plaintiff submitted to a consulting examination with Dr. George S. Buckner.  Although Plaintiff complained of pain at a level of 7/8 out of 10, Dr. Buckner was of the opinion that Plaintiff did not appear to be in much pain.  Upon examination, Dr. Buckner noted that Plaintiff could heel and talk walk fully and squat.  (R. 25.)  Plaintiff did have mild tenderness in his lumbar spine, but his straight leg tests were normal and his motor strength in his lower extremities was normal.

The following year, in August 2006, an MRI revealed a disc bulge at L5-S1,

---

[1] There is nothing in the record to support a finding that Plaintiff's hypertension might be disabling.

[2] Plaintiff admits to smoking a pack of cigarettes a day. (R. 141. 143.)

3

as well as early osteoarthritis at L4-L5 and L5-S1. (R. 103.)

On September 5, 2006, Plaintiff was examined by neurosurgeon Dr. Terry Andrade. (R. 106-9.) Upon examination, Plaintiff's straight leg raise was asymptomatic bilaterally and sciatic notch tenderness was absent bilaterally. Plaintiff had normal range of motion, his gait was normal and he exhibited no muscle spasms or back tenderness. Accordingly, Dr. Andrade opined that Plaintiff could return to regular work. (R. 108.)

Approximately eight months later, Plaintiff sought treatment with internist Dr. William E. Wilcox. (R. 127.) Dr. Wilcox noted that Plaintiff did not appear to be in distress. Plaintiff's straight leg raise was normal and he ambulated with a normal gait. Dr. Wilcox prescribed Tylenol #4 and a blood pressure medication.

On a Medical Source Opinion Questionnaire completed the following month, Dr. Wilcox indicated Plaintiff could stand for 15 minute intervals, up to one hour total in an eight hour workday, walk for 15 minute intervals, up to one hour total and sit for one hour intervals up to two hours total. (R. 128.) Dr. Wilcox was also of the opinion that Plaintiff needed to lie down three times per day for a total of 30 minutes. (R. 128.)

After the administrative hearing, the ALJ found that Plaintiff impairments do not meet or equal a listing. (R. 22-28.) The ALJ further found that Plaintiff could

perform his past work. The ALJ based this determination upon the findings of Dr. Bruckner and Dr. Adrade. The ALJ also noted the absence of any medical records of treatment. Finally, the ALJ noted that there were no findings of anything severe on Plaintiff's diagnostic tests. (R. 24-26.)

### III. Controlling Legal Principles

A disability claimant has a heavy, but not insuperable, burden to establish entitlement to benefits. *Mims v. Califano*, 581 F.2d 1211, 1213 (5th Cir. 1978). The district court's standard or scope of review is limited to determining whether the substantial evidence support's the Commissioner's decision. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Additionally, the Court must determine whether proper legal standards were applied. *Lewis v. Callahan*, 125 F. 3d 1436, 1439 (11th Cir. 1997) (citing *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987)).

Substantial evidence is more than a scintilla, but less than a preponderance. It is such evidence a reasonable mind would accept as adequate to support a conclusion. *See Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). In contrast, the Commissioner's legal conclusions are more closely scrutinized. "The [Commissioner's] failure to apply the correct law or to provide the reviewing Court with the sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."

*Cornelius v. Sullivan*, 969 F.2d 1143, 1145-45 (11th Cir. 1991).

Applicable agency regulations require a sequential evaluation of adult disability claims. 20 C.F.R. § 404.1520 (1983). The first consideration is whether the claimant is working. If the claimant is working, she is not disabled. If the claimant is not working, the Commissioner must determine whether the claimant suffers from a severe impairment. If the claimant does not suffer from a severe impairment, she is not disabled. If the claimant suffers from a severe impairment, then the Commissioner must consider whether the claimant meets any of the listings in 20 C.F.R. pt 404, subpt P, app. 1 ("Listing"), which details "impairments which are considered severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 404.1520(a). *See Edwards v. Heckler*, 755 F.2d 1513, 1515 (11th Cir. 1985). If the claimant's medical profile meets the criteria for an impairment in the "Listing," then the claimant is disabled by law and no further inquiry is necessary.

The burden is on the claimant to show that she meets the criteria under the listing. To meet the listing, the claimant must be (1) diagnosed with a condition that is listed or its equivalent, and (2) provide objective medical reports documenting that this condition meets the specific criteria of the applicable listing and duration requirement. *See Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987).

When a claimant's "severe" impairment does not fall within a Listing, but

6

nonetheless restricts her ability to perform basic work activities, the ALJ must then assess the claimant's residual functional capacity and the range of work activities that the claimant could perform despite his impairments. This evaluation must give consideration to claimant's subjective complaints, accounting for nature of pain, medication, treatment, functional restrictions, claimant's daily activities, and other relevant factors. 20 C.F.R. § 404.1512.

Additionally, pursuant to 20 C.F.R. § 404.1523, the ALJ is required to consider the disabling effect of multiple impairments:

> In determining whether your physical or mental impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all your impairments without regard to whether any such impairments if considered separately, would be of sufficient severity. If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process. If we do not find that you have a medially severe combination of impairments, we will determine that you are not disabled.

Pain alone can be disabling. When a claimant claims disability based solely on pain, a three-part standard is utilized in assessing the credibility of his testimony. The claimant must establish evidence of an underlying impairment <u>and</u> either: (1) objective medical evidence to confirm the severity of pain alleged, or (2) a finding that the impairment is of such a severity that it can be reasonably expected to cause the pain alleged. *See, e.g., Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986);

7

*Marbury v. Sullivan*, 957 F.2d 837 (11th Cir. 1992) (emphasis added).

IV. Analysis and Conclusion

The ALJ's decision is supported by substantial evidence.

Plaintiff's own treating physicians have not found him to be disabled.

Therefore, by separate order, the decision denying benefits will be affirmed.

                                      U.W. Clemon
                              United States District Judge